MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James C. Tillman, | No. CV 07-2617-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mitchell Kulwin, et al., | |
| Defendants. | |

On December 26, 2007, Plaintiff James C. Tillman, who is confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a January 16, 2008 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 15, 2008, Plaintiff filed a First Amended Complaint (Doc. #5). The Court will dismiss the First Amended Complaint without leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.     First Amended Complaint

In his one-count First Amended Complaint, Plaintiffsues Defendants Phoenix Police Officers Mitchell Kulwin and Mykel Moller.  Plaintiff alleges a threat to his safety, in violation of the Fourteenth Amendment, because Defendants Kulwin and Moller willingly and knowingly made false statements in a police report that Plaintiff had identified drug dealers and when and where they sold drugs.  Plaintiff asserts that, as a result of the statements, he is in constant danger of being killed, he has been placed in protective custody, and it is not safe for him to visit his family.  Plaintiff seeks monetary damages of $5,000,000 against each officer, a videotape and written statement from Defendants that Plaintiff "never said what they wrote in the police report," publication of that statement in the Phoenix newspapers for 30 days, and the prosecution of Defendants "as criminals."

## III.    Failure to State a Claim

An individual may state a § 1983 claim under the Fourteenth Amendment against a police officer where the officer acted with "deliberate indifference" to a threat of serious harm or injury to the individual. See Wood v. Ostrander, 879 F.2d 583, 587-88 (9th Cir. 1989); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (officers labeling plaintiff a "snitch" with the intent for plaintiff to be killed by other inmates states claim for violation of right to be protected from violence while in custody).  To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety.  Id.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official

1  must both be aware of facts from which the inference could be drawn that a substantial risk
2  of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837 (emphasis added).
3        Plaintiff does not allege that Defendants made the allegedly false statements in the
4  police reports with deliberate indifference to Plaintiff's health or safety. Dkt. #5. The
5  Court's previous order advised Plaintiff of this precise deficiency and afforded him an
6  opportunity to correct it by amendment. Dkt. #3 at 3-4. Because the deficiency has not been
7  corrected, the Court will dismiss the First Amended Complaint for failure to state a claim.
8  **IV.  Dismissal without Leave to Amend**
9        The Court will dismiss Plaintiff's First Amended Complaint without leave to amend.
10 "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."
11 <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989). The Court's
12 discretion to deny leave to amend is particularly broad where Plaintiff has previously been
13 permitted to amend his complaint. <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d
14 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendment is one of the
15 factors to be considered in deciding whether justice requires granting leave to amend.
16 <u>Moore</u>, 885 F.2d at 538.
17       Plaintiff has made two efforts at crafting a viable complaint and has failed to do so
18 despite specific instruction from the Court. The Court will therefore dismiss Plaintiff's First
19 Amended Complaint without leave to amend.
20 **IT IS ORDERED:**
21       (1) Plaintiff's First Amended Complaint (Doc. #5) is **dismissed** for failure to state
22 a claim, and the Clerk of Court must enter judgment accordingly.
23       (2) The Clerk of Court must make an entry on the docket stating that the dismissal
24 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).
25       DATED this 11th day of March, 2008.

_David G. Campbell_
United States District Judge